Entered on Docket
June 27, 2017
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: June 26, 2017

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

Robert P. Zahradka (SBN 282706)
rzahradka@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Movant,
MTGLQ Investors, LP

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MATTHIAS R. MEDERER,<br><br><br><br><br><br><br>Debtor. | Case No. 13-30082-DM<br><br>Chapter 13<br><br>R.S. No. RPZ - 272<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>**Hearing**:<br>Date:  June 15, 2017<br>Time:  9:30 am<br>Ctrm:  17<br><br>Northern District of California - San Francisco Division<br>United States Bankruptcy Court<br>450 Golden Gate Avenue<br>San Francisco, California, 94102 |

The above-captioned matter came for hearing on June 15, 2017, at 9:30 am, in Courtroom 17, upon the Motion of MTGLQ Investors, LP ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Matthias R. Mederer ("Debtor") commonly known as 1423-1427 McAllister St, San Francisco, California 94115 (the "Real Property"), which is legally described as follows:

> SEE LEGAL DESCRIPTION IN DEED OF TRUST ATTACHED AS EXHIBIT B TO MOTION FOR RELIEF FROM STAY, DOCKET ENTRY NUMBER 41.

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1) Effective August 31 2017, the automatic stay of 11 U.S.C. § 362 is hereby terminated as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust, and pursuant to applicable state law.

2) The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is waived;

3) Debtor shall tender regular monthly payments in the amount of $8,583.50, on or before June 30, 2017 and a payment in the amount of $8,583.50 on or before July 31, 2017. Payments are to be remitted to Rushmore Loan Management Services, P.O. Box 52708, Irvine, CA 92619

4) In the event of any future default on any of the above described provisions, inclusive of this Order, Movant shall provide written notice to Debtor at 1423-1427 McAllister St, San Francisco, California 94115, and to Debtor's attorney of record, John D. Raymond, at Law Offices of John D. Raymond, P.O. Box 642535, San Francisco, CA 94164-2535, indicating the nature of the default. If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

5) Upon foreclosure, in the event Debtor fails to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law;

6) The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtors.

7) The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder and/or its right to the complete contractual payment as determined by the terms of the Note and Deed of Trust.

8) Upon entry of this Order, the Chapter 13 Trustee shall cease making payments in regard to Movant's claim filed in this bankruptcy case;

9) Relief from the Automatic Stay is granted as to the Chapter 13 Trustee, Devin Derham-Burk.

10) Movant may offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case; and

11) This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

\*\* END OF ORDER \*\*

**COURT SERVICE LIST**